**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM E. THOMPSON, GREG
NIELSON, SANDRA SCHAFER,
TOMMY FIELDS, EDWARD
EVERITT, MAGNUS STOLZ,
DARRYLL WATKINS, ROBERT
ARNDT, EARL LAYMAN, JR.,

        Plaintiffs-Appellants,

v.

JOHNSON COUNTY COMMUNITY
COLLEGE, JERRY BAIRD,
DOROTHY FRIEDRICH, GUS
RAMIREZ, and others as yet
unknown,

        Defendants-Appellees.

No. 96-3223
(D.C. No. 95-CV-2196)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs, security officers employed by the defendant community college, appeal the district court's grant of summary judgment to defendants. We affirm.

We review a district court's order granting summary judgment de novo, applying the same legal standard used by the district court. See Universal Money Ctrs., Inc. v. AT&T, 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In their complaint, plaintiffs alleged their locker area at the college had been placed under video surveillance[1] in violation of Title I of the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510-2522. Plaintiffs further

---

[1]     In their complaint, plaintiffs claimed the surveillance camera was equipped to intercept aural communications as well as video recording. Defendants disputed that claim and asserted the camera was used for silent video surveillance only. In response, plaintiffs submitted an affidavit from their expert who stated that the camera could possibly have audio capabilities. We agree with the district court that this affidavit is insufficient to raise a genuine issue of material fact as to whether the camera was equipped with audio, as well as video, recording capabilities, especially in light of the fact that the camera was produced by defendants for plaintiffs' examination. See Discussion infra pages 6-7.

claimed the surveillance violated their Fourth Amendment privacy rights under 42 U.S.C. § 1983. They also raised state law claims of invasion of privacy.

The district court held that Title I does not encompass silent video surveillance. We agree. In discussing the requirements for issuing a warrant for video surveillance, we have noted that Title I does not address silent video surveillance. See United States v. Mesa-Rincon, 911 F.2d 1433, 1437 (10th Cir. 1990); see also United States v. Falls, 34 F.3d 674, 679 (8th Cir. 1994)(holding that Title I does not regulate silent video surveillance (and cases cited therein)).

Silent video surveillance, however, must be conducted with due regard to the protections offered by the Fourth Amendment. See Mesa-Rincon, 911 F.2d at 1437; Falls, 34 F.3d at 679 (and cases cited therein). "The Fourth Amendment protects people from unreasonable government intrusions into their legitimate expectations of privacy." United States v. Austin, 66 F.3d 1115, 1118 (10th Cir. 1995)(quotations omitted), cert. denied, 116 S. Ct. 799 (1996). Therefore, we must consider first whether plaintiffs had a reasonable expectation of privacy in the locker area.

Plaintiffs' locker area was located in a room which also housed the heating and air conditioning equipment for the college and which served as a storage area. Individuals other than plaintiffs, including security officers who worked during the day, maintenance workers, and individuals seeking to retrieve items in

storage, could freely enter the room at any time. The room was not locked and access was not even restricted to those with legitimate business in the room.

Courts have held that individuals can have a legitimate expectation of privacy in their individual lockers. See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1331, 1335 (9th Cir. 1987)(plaintiff had reasonable expectation of privacy in his locked desk and credenza absent notice that items could be searched); United States v. DeWeese, 632 F.2d 1267, 1271 (5th Cir. 1980)(crew member had legitimate expectation of privacy in areas such as foot locker which were accessible to only one individual); Gillard v. Schmidt, 579 F.2d 825, 828 (3d Cir. 1978)(school guidance counselor charged with maintaining sensitive student records had reasonable expectation of privacy in his school desk); United States v. Speights, 557 F.2d 362, 363 (3d Cir. 1977)(police officer had reasonable expectation of privacy in his locker where no regulations or practices would have alerted him to expect unconsented searches and which he secured with personal lock); see also United States v. Johns, 851 F.2d 1131, 1135-36 (9th Cir. 1988)(defendants' formal arrangement indicating joint supervision and control over storage locker sufficient to establish Fourth Amendment protected privacy interest for both defendants); but see United States v. Reyes, 908 F.2d 281, 285 (8th Cir. 1990)(no expectation of privacy in rental locker after rental term had expired and renter had prior notice that contents of

locker could be removed after rental period expired): <u>United States v. Bunkers</u>, 521 F.2d 1217, 1221 (9th Cir. 1975)(postal employee had no expectation of privacy in locker where USPS regulations and collective bargaining agreement stated that lockers were subject to search).

Thus, an individual may be able to assert a right to privacy in his personal locker. We have not found, however, that an individual may have a reasonable expectation of privacy in the area surrounding a locker. <u>See</u> <u>United States v. Venema</u>, 563 F.2d 1003, 1005-06 (10th Cir. 1977)(defendant had no reasonable expectation of privacy in air space around locker, which was at least semi-public in nature, and he had been warned police were permitted to bring drug-sniffing dogs onto premises); <u>see also</u> <u>United States v. Boden</u>, 854 F.2d 983, 990 (7th Cir. 1988)(defendant had no reasonable expectation of privacy in area outside of locker at commercial self-storage facility); <u>United States v. McGrane</u>, 746 F.2d 632, 634 (8th Cir. 1984)(defendant had no reasonable expectation of privacy in common area of storage locker located in basement of apartment building that was accessible to all tenants and landlord).

Here, the locker area was accessible to anyone who entered the room where the lockers were located. That few people other than plaintiffs routinely entered the room does not affect the issue of whether plaintiffs had a reasonable expectation of privacy in the locker area. Similarly, that plaintiffs worked at

night when very few people would enter the room does not affect our analysis. We conclude that plaintiffs had no reasonable expectation of privacy in the locker area. No Fourth Amendment violation occurred.

Plaintiffs have filed a statement of proceedings pursuant to Fed. R. App. P. 10(c) in this court. Rule 10(c) provides that if a hearing has not been transcribed, the appellant may prepare a statement of the proceedings and shall serve the statement on the appellee who may object to the statements. The appellant shall then submit the statement and any objections to the district court for settlement and approval and may include the approved statement in the record on appeal. Id.

Plaintiffs submitted their Rule 10(c) statement to this court regarding a telephonic hearing held with the magistrate judge. They assert that the magistrate judge stayed all proceedings pending a hearing on defendants' immunity defenses. Appellees filed objections to plaintiffs' statement with this court contesting plaintiffs' depiction of both the facts and the magistrate judge's decision. It does not appear that plaintiffs submitted the two statements to the district court for resolution and approval.[2]

Our role is not one of fact finder. We will not attempt to determine who has correctly reported the facts of the hearing or the impact this hearing had on

---

[2]     Plaintiffs also contend the stay imposed by the magistrate judge prevented them from examining the camera to determine whether it had audio capabilities. Defendants state that the camera was available to plaintiffs for their examination.

plaintiffs' ability to examine the surveillance camera. We will rely, instead, on the district court's conclusion that the surveillance was conducted by means of a silent video camera.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge